JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Susan Williams

### DEFENDANTS
Office of the Chief Medical Examiner of the State of Connecticut

(b) County of Residence of First Listed Plaintiff: **Hartford**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Hartford**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Marc P. Mercier, Beck & Eldergill, P.C.
447 Center Street, Manchester, CT 06040
(860) 646-5606

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII, 42 U.S.C. Section 200e et seq.

Brief description of cause:
Gender discrimination, sexual harassment and retaliation in violation of federal law

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 12/29/2020
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN WILLIAMS : | |
| PLAINTIFF : | Civil Action No. _____ |
| VS. : | |
| OFFICE OF THE CHIEF MEDICAL EXAMINER OF THE STATE OF CONNECTICUT : | |
| DEFENDANT : | DECEMBER 29, 2020 |

## COMPLAINT AND JURY DEMAND
### PARTIES

1. The plaintiff, Susan Williams ("Plaintiff") is a female resident of the State of Connecticut, residing at 4 Butternut Circle, Avon, Connecticut 06001.

2. The defendant State of Connecticut, Office of the Chief Medical Examiner ("Defendant") is an agency and/or subdivision of the State of Connecticut located at 11 Shuttle Road, Farmington, Connecticut 06032.

### JURISDICTION AND VENUE

3. The court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff has brought a claim pursuant to Title VII, 42 U.S.C. §2000e et seq.

1

4.      This court has personal jurisdiction over Defendant because Defendant has offices in and conduct its business in this judicial district, and because the events giving rise to the claims occurred in this judicial district.

## STATEMENT OF FACTS

5.      Plaintiff Susan Williams was at all times mentioned herein employed by the Defendant as an Associate Medical Examiner.  As such, she was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

6.      Defendant, as an agency and/or subdivision of the State of Connecticut, employs more than 15 persons.  As such, it is an "employer" within the meaning of 42 U.S.C. 2000e(b).

7.      Defendant hired Plaintiff as an Associate Medical Examiner on or about June 30, 2004.

8.      Beginning in August, 2017 to on or about December 6, 2018, a male co-worker engaged in a continuous course of conduct by directing offensive, threatening, and sexually explicit conduct and comments at Plaintiff, including unwanted physical contact, sexually offensive, explicit and profane  remarks, gestures and sounds, as well as taunting and verbal abuse.

8.      At various times beginning on or about the fall of 2017, Plaintiff reported and complained to Defendant, by way of the Human Resource Manager and Administrator, about the aforementioned conduct.

2

9. Defendant received but did not respond to Plaintiff's complaints, despite a promise to meet with Plaintiff to review the complaints made in 2017.

10. On or about January 12 and February 14, 2018, Plaintiff again reported and complained to Defendant, by way of the Human Resource Manager, about the aforementioned conduct. Defendant failed to take action to protect Plaintiff and instead advised her to "ignore" him and/or his conduct.

12. On numerous occasions after February 14, 2018, including but not limited to February 15, May 2, June 7, June 25, and August 22, 2018, the same male co-worker continued to engage in offensive, threatening, and sexually explicit conduct and comments directed at Plaintiff, including unwanted physical contact, sexually offensive, explicit and profane remarks, gestures and sounds, as well taunting and verbal abuse.

14. On several occasions as such events were occurring, Plaintiff again reported and complained to Defendant, by way of the Human Resource Manager, about the aforementioned conduct. Defendant failed to take action to protect Plaintiff and instead again advised her to "ignore" him and/or his conduct.

15. On or about June 25, 2018, Plaintiff had to temporarily stop performing an autopsy to discuss a matter related to the death certificate of the deceased.

16. On or about July, 2018, Defendant opened an investigation into Plaintiff's conduct in the autopsy room on June 25, 2018.

3

19.     Defendant's justification for opening this investigation was pretextual and the investigation was intended to retaliate against Plaintiff for her prior complaints of offensive, threatening, and sexually explicit conduct and comments directed toward her by her male co-worker.

20.     On or about December 6, 2018, Defendant terminated Plaintiff's employment in retaliation for Plaintiff's prior complaints of offensive, threatening, and sexually explicit conduct and comments directed toward her by her male co-worker.

21.     On or about April 8, 2019, Plaintiff timely filed a complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and the Equal Employment Opportunity Commission ("EEOC"), claiming discrimination on the basis of sex and retaliation. Plaintiff received a right to sue letter from the EEOC on or about October 6, 2020. Plaintiff has therefore exhausted her administrative remedies.

## CAUSES OF ACTION
## COUNT I

**(Sexual Harassment in Violation of Title VII, 42 U.S.C. § 2000e, *et. seq.*)**

22.     Plaintiff herein incorporates and realleges Paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23.     Plaintiff was subjected to unwelcome, offensive and harassing sexually discriminatory conduct during her employment with Defendant and that conduct was directed at Plaintiff by reason of her gender.

4

27. Plaintiff complained to and notified Defendant of the sexually harassing and discriminatory conduct but Defendant failed to take any immediate, appropriate corrective action and acquiesced to the environment.

28. The sexually harassing and discriminatory conduct directed at the Plaintiff was sufficiently severe and pervasive so as to unreasonably interfere with Plaintiff's physical and emotional health, work performance and created an intimidating, hostile and offensive work environment.

29. During the course of Plaintiff's employment with Defendant, Plaintiff was subjected to sexual harassment in violation of Title VII of the Civil Rights Act of 1964 42 U.S.C. §2000e et seq.

30. As a direct and proximate result of the harassing and hostile sexual environment, Plaintiff has suffered and continues to suffer damages, including, but not limited to lost compensation and benefits, reduced earning capacity, pain and suffering, loss of enjoyment of life, emotional distress, attorneys' fees and costs.

### COUNT II
**(Gender Discrimination in Violation of Title VII, 42 U.S.C. § 2000e, *et. seq.*)**

31. Plaintiff herein incorporates and realleges Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. During the course of Plaintiff's employment with Defendant, Defendant discriminated against Plaintiff in the terms, conditions and privileges of employment in

5

various ways, in substantial part because of her gender, in violation of Title VII of the Civil Rights Act of 1964 42 U.S.C. §2000e et seq.

33.  The aforementioned unwelcome sexual discrimination created an intimidating, hostile and offensive work environment which unreasonably interfere with Plaintiff's physical and emotional health and work performance.

34.  As a direct and proximate result of the hostile and offensive work environment, Plaintiff has suffered and continues to suffer damages, including, but not limited to lost compensation and benefits, reduced earning capacity, pain and suffering, loss of enjoyment of life, emotional distress, attorneys' fees and costs.

## COUNT III
### (Retaliation in Violation of Title VII, 42 U.S.C. § 2000e, *et. seq.*)

35.  Plaintiff herein incorporates and realleges Paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36.  Plaintiff engaged in protected activity under Title VII, 42 U.S.C. § 2000e, *et. seq*, including, but not limited to voicing concerns about harassing and discriminatory actions taking place in the workplace.

37.  Defendant retaliated and/or discriminated against Plaintiff for opposing an act or practice made unlawful under Title VII, 42 U.S.C. § 2000e, *et. seq*, by subjecting Plaintiff to an unjustified investigation and discipline and termination of Plaintiff's employment for pretextual reasons.

LAW OFFICES
BECK AND ELDERGILL, P.C.
447 CENTER STREET • MANCHESTER, CT 06040 • (860)646-5606 • JURIS No. 02702

38. As a direct and proximate result of the hostile and offensive work environment and retaliation, Plaintiff has suffered and continues to suffer damages, including, but not limited to lost compensation and benefits, reduced earning capacity, pain and suffering, loss of enjoyment of life, emotional distress, attorneys' fees and costs.

39. The foregoing actions taken by Defendant or on Defendant's behalf were intentional, in that they were taken with an intent to injure Plaintiff or in reckless disregard of her rights.

**WHEREFORE**, Plaintiff prays judgment as follows:

    A.    A trial by jury;

    B.    Award Plaintiff all monetary damages to which she is entitled under Title VII, 42 U.S.C. § 2000e, *et. seq,* including but not limited to her lost compensation and benefits and other monetary damages;

    C.    Award Plaintiff all compensatory damages to which she is entitled under Title VII, 42 U.S.C. § 2000e, *et. seq,* including but not limited to emotional distress, pain, suffering, mental anguish, loss of employment of life, and other nonpecuniary losses;

    D.    Award Plaintiff's costs and fees, including reasonable attorneys' fees under 42 U.S.C. § 2000e, *et. seq.*;

    E.    Award Plaintiff all other damages to which she is entitled; and

    F.    Such other and further relief as the Court may deem just and proper.

LAW OFFICES
BECK AND ELDERGILL, P.C.
447 CENTER STREET • MANCHESTER, CT 06040 • (860)646-5606 • JURIS No. 02702

PLAINTIFF, SUSAN WILLIAMS

By her attorneys:

By: _____
Marc P. Mercier, ct10886
Beck & Eldergill, P.C.
447 Center Street
Manchester, CT 06040
Tel:     (860) 646-5606
Fax:    (860) 646-0054
E-mail:   mmercier@beckeldergill.com

Dated: December 29, 2020